(No. 3678—

James V. Shepley, D. B. A. Shepley Motor Express, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 12, 1945.*

Hutchinson and Barnes, for claimant.

George F. Barrett, Attorney General; William L. Morgan, Assistant Attorney General, for respondent..

Chief Justice Damron delivered the opinion of the court:

The complaint in this case alleges that the claimant is the owner of the Shepley Motor Express, a trucking and hauling business, located at 2 North Des Plaines Street, Joliet, Illinois, and has been engaged in said business for the past 10 years or more.

That during this time the Shepley Motor Express has done trucking for the State of Illinois, respondent herein, from the State Penitentiary at Joliet and Stateville, hauling to various other state departments and agencies as set out in items in the bill of particulars attached to the complaint.

The complaint further alleges that between September 4, 1937, and December 9, 1941, the claimant, at the request of various agencies of the respondent hauled merchandise which was manufactured in the two above named institutions to the various consignees, whose

names and addresses are contained in the said bill of particulars. It further alleges that each consignee had been billed for the services rendered by the claimant, and that said accounts were not paid for the reason that the appropriations from which the accounts could have been paid had lapsed at the time the demand was made by the claimant upon the various consignees.

This record consists of the complaint which was filed on the 12th day of January, 1942, bill of particulars attached thereto, testimony in support of said claims, waiver of brief, and arguments on behalf of claimant and respondent.

The evidence filed in this case supports the allegations of the complaint that the services rendered to the respondent by the claimant from September 4, 1937, to the 8th day of December, 1941, amounted to the sum of $388.90. The evidence further discloses that part of this account has been paid by some of the agencies of the respondent, and that there is now due and owing to claimant the sum of $350.67.

The invoices and bill of particulars show that fair and reasonable charges were made by the claimant for the services rendered to the various agencies of the respondent.

This court has heretofore held that where one renders services to the state on the order of one authorized to contract for same, and submits a bill therefor in correct amount within a reasonable time, and due to no fault or negligence of claimant, same is not approved and vouchered for payment before lapse of appropriation from which it is payable, an award for the reasonable value for the services rendered may be made; *The Catholic Bishop of Chicago, et al,* vs. *State,* 12 C. C. R. 340; *Rock Island Sand & Gravel Company* vs. *State,* 8 C.

C. R. 165; *Oak Park Hospital Inc.* vs. *State*, 11 C. C. R. 219.

This case comes within the rule above set forth. An award is therefore entered in favor of the claimant, James B. Shepley d.b.a., Shepley Motor Express, in the sum of $350.67.